# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. RICE, | ) | |
| Appellant, | ) | Civil Action No. 15-279 |
| v. | ) | Judge Cathy Bissoon |
| WISHGARD, LLC, | ) | |
| Appellee. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, the Memorandum Opinion of Bankruptcy Judge Carlota M. Böhm, dated January 13, 2015, will be affirmed in its entirety.[1]

Appellee Wishgard, LLC ("Wishgard") is a two-member, Pennsylvania-LLC involved in the acquisition and development of oil and gas rights. Appellee William A. Rice ("Rice") worked with Wishgard from approximately December 2010 until May 2013. Bankr. Op. at 2-3.

Involuntary bankruptcy proceedings were commenced against Wishgard in February 2013, and, upon its request, the case was converted to one under Chapter 11. *Id.* at 2. In August 2013, Rice filed a Proof of Claim in the bankruptcy proceedings, claiming entitlement to unpaid wages and commissions. *Id.* at 3. Rice subsequently filed an Application seeking payment of postpetition commissions and salary. Wishgard filed an Objection to Rice's Proof of Claim,

---

[1] The Court agrees with Judge Böhm and the parties that her decision addressed "core matter[s]" pursuant to 28 U.S.C. §§ 157(a) and (b)(2)(B). *See* Bankr. Op. (filed under Doc. 1-10) at 2 n.1; Appellant's Br. (Doc. 2) at 1; *and* Appellee's Br. (Doc. 5) at 2. The Court also agrees with Judge Böhm the she was not, under <u>Stern v. Marshall</u>, required to issue the decision by way of proposed findings and conclusions to the District Court. *See* Bankr. Op. at 2 n.1.

and Wishgard's Objection and Rice's postpetition Application were placed on the same discovery and hearing schedule. *Id.*

Following a three-day evidentiary hearing, Judge Böhm issued a 35-page Memorandum Opinion, sustaining Wishgard's Objection to Rice's Proof of Claim and denying Rice's Application for postpetition-expenses. Based on the extensive evidentiary record placed before her, Judge Böhm determined that Wishgard had paid Rice no less than $370,653.00 pursuant to oral compensation-agreements entered between the parties, and that this amount substantially exceeded the amount proven by Rice to be owed. *Id.* at 33-34.

Given that the terms of Rice's compensation were not reduced to writing, Judge Böhm's analyses, by necessity, relied heavily on the testimony of Rice and Wishgard-principal Edward Tygard. *Cf. id.* at 21 ("[T]he [Bankruptcy] Court notes the difficulty that results when . . . complex agreement[s are] not reduced to writing. Accordingly, it [has become] this [c]ourt's task to define the agreement of the parties, based upon the credible evidence[.]"). Unfortunately for Rice, however, Judge Böhm found Mr. Tygard (and other Wishgard witnesses) to be more credible, identifying in Rice's testimony numerous inconsistencies, incoherences and statements-against-interest.[2] Judge Böhm's credibility determinations are supported by the record, and they

---

[2] *See, e.g., id.* at 7-8 (finding "significant discrepanc[ies]" between positions taken by Rice, at different times, regarding effective-date of parties' commission-agreement); *id.* at 10 (Mr. Tygard's testimony regarding terms of commission-agreement were more credible than Rice's); *id.* at 11-12 (Rice's purported understandings of compensation agreements were "inconsistent with the credible evidence," "inexplicable," "undermin[ed]," "inconceivable" and "far-fetched"); *id.* at 12 (finding credible Mr. Tygard's testimony that Rice, himself, verbally manifested his desire to be independent contractor, instead of employee, for tax-reasons); *id.* at 13 (quoting Rice's own deposition testimony indicating that, contrary to his litigation position, "net proceeds" meant proceeds <u>after</u> deduction of "overhead"); *and id.* at 14 (weighing contradictory testimony of Messrs. Rice and Tygard regarding bi-weekly payments to Rice of $2,500, and finding more credible Mr. Tygard's testimony that these payments were draw-downs on commissions owed, not salary, and finding that evidence "[did] not indicate that [Rice's] role . . . was ever that of a salaried employee"). This is but a sampling of the adverse

easily withstand the applicable standards of review. *See* In re Dr. R.C. Samanta Roy Inst. of Sci. Tech. Inc., 2011 WL 2350095, *2 (3d Cir. Jun. 15, 2011) ("due regard shall be given the opportunity of the bankruptcy court to judge the credibility of the witnesses," and such determinations "will not be set aside unless [they are] completely devoid of minimum evidentiary support displaying some hue of credibility or bear[] no rational relationship to the supportive evidentiary data") (citation to published, binding authority omitted).

With this foundation established, Rice's numerous arguments on appeal fall like so many pins in a lane. Rice's arguments under the Pennsylvania Wage Payment and Collection Law ("WPCL") gain no traction, because Judge Böhm concluded, based on a review of the entire record and her credibility determinations, that Rice was not an employee. *See* Bankr. Op. at 12, 14, 34 & n.26. Although Rice faults Judge Böhm for having credited the parties' "subjective" beliefs regarding the their work-relationship, to the contrary, she relied on the only evidence in the record, namely, the parties' witness-testimony. *See* discussion *supra* (highlighting verbal-nature of parties' agreements). Indeed, Judge Böhm found that Rice's own statements regarding the work-relationship, as established by credible evidence, were consistent with him being an independent-contractor, not an employee. *See id.* at 12 (citing trial testimony). Given that the only evidence available was testimonial in nature, Judge Böhm hardly erred in considering Rice's stated-understandings. *See* discussions *supra*; *see also generally* Pasour v. Unemp't Comp. Bd., 54 A.3d 134, 138 (Pa. Commw. 2012) (in determining employee-status, "[n]o single factor . . . control[s, and] the ultimate conclusion must be based on the totality of the circumstances," including claimant's own statements) (citation omitted). In any event,

---

credibility determinations made against Rice, appearing in the first fourteen pages of Judge Böhm's Opinion. Were the District Court to catalogue them all, this footnote would span several full pages of text.

3

Judge Böhm's determination that Rice was not an employee enjoys ample evidentiary support. *See* Bankr. Op. at 34 n.26; *see also* Appellee's Br. (Doc. 5) at 9-10 (collecting numerous fact-findings of Judge Böhm, throughout Opinion, supporting conclusion that Rice was not an employee).

Rice next attacks Judge Böhm's determination that the parties' oral agreement regarding commissions included an understanding that, in order to be paid, Rice was expected to be "involved throughout the particular project" in question. *See* Bankr. Op. at 9-10. Whether intentional or not, Rice's framing of this issue on appeal is misleading. In essence, his counsel suggests that Judge Böhm gap-filled an otherwise-clear agreement between the parties by inserting "a 'material involvement' clause." *See* Appellant's Br. at 15. The parties' agreement was verbal, not written, so any reference to a "material involvement <u>clause</u>" is somewhat specious. Likewise, Judge Böhm never characterized Rice's requisite level-of-participation as that of "material involvement," that is a phrase supplied by Rice's counsel. While these distinctions are semantical in nature, and may be viewed as falling within a usual range of lawyerly "spin," the Court's sensitivity to them foreshadows the underlying weaknesses of Rice's positions.

Based on her review of the entire record, and numerous, supported credibility determinations, Judge Böhm found that the parties' verbal agreement regarding commissions included a mutual understanding that, in order for Rice to get paid, he was required to be involved in a given project throughout its completion. *Id.* at 10. Among other things, Judge Böhm accepted as credible Mr. Tygard's testimony that commission payments were intended to incentivize Rice's continued performance, and she relied on record-evidence revealing that Wishgard <u>itself</u> could not profit from an executed lease-deal until "a number of

4

[additional] steps" were completed. *Id.* at 10. This Court has no reason to upset Judge Böhm's common-sense determination that Rice's entitlement to commissions did not vest until it became clear that Wishgard, itself, would profit. Nor did Judge Böhm err in determining that Rice's litigation position, namely, that the parties mutually agreed he would enjoy commissions on <u>all</u> leases secured by Wishgard, regardless of his involvement, was "far-fetched" and "inconsistent with even [Rice's own] statements." *See id.* at 11-12.

In sum, Judge Böhm's determinations regarding the terms of the parties' commission agreement, and the amounts owed to Rice thereunder, easily withstand appellate review. All of Rice's arguments to the contrary are rejected, explicitly or implicitly, by the Court's reasoning above.

Rice's next few charges of error, which return to the purported applicability of the WPCL, are red herrings. Judge Böhm determined that Rice was not an "employee"; that, at no point, was he was a "salaried" worker owed wages; and that, during the period in which he did receive bi-weekly payments, those payments were draw-downs on commissions. *See id.* at 12, 14, 23, 27, 34 & n.26. None of these determinations have been shown to be erroneous, and the WPCL has no application in this case.

Finally, the Court rejects Rice's challenges to Judge Böhm's determinations regarding "net proceeds," as related to the parties' commissions-agreement. As Wishgard explains, Judge Böhm made factual findings regarding the parties' usage of this term, highlighting Rice's conflicting testimony. *See* Bankr. Op. at 12-13 & n.10 (contrasting Rice's testimony at hearing, where he claimed to "never underst[and] a precise definition with respect to what constitutes net proceeds," with his deposition testimony, confirming his understanding that Wishgard's

5

"overhead" would be deducted).  Judge Böhm found Wishgard's evidence more credible, and this Court has no basis for disturbing her determination.[3]

For all of the reasons stated above, the Memorandum Opinion of U.S. Bankruptcy Judge Carlota M. Böhm dated January 13, 2015 hereby is **AFFIRMED**.  A Rule 58 judgment order will be entered contemporaneously herewith, and this case will be marked closed.

IT IS SO ORDERED.


December 14, 2015                                              s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge
cc (via ECF email notification):

All Counsel of Record

---

[3] Rice's objections regarding Judge Böhm's consideration of the Wishgard-spreadsheet dated April 9, 2014, *see* Appellant's Br. (Doc. 2) at pg. 29, are summarily rejected.  At the hearing, Rice's own counsel submitted the document as an exhibit; Rice's expert relied on it extensively, both in her testimony and in her written report (to which the spreadsheet was attached as an exhibit); and, unsurprisingly, Rice stated no objection to the document's admission at the close of the hearing.  *Compare* Doc. 623 in Bankr. Dkt. at pg. 18 of 22 (identifying spreadsheet as Exhibit No. 45 "filed on behalf of William A. Rice") *with* Doc. 3-19 in this case, at pg. 27 of 46 (transcript of hearing dated Sept. 11, 2014, identifying spreadsheet as "[Rice's] Exhibit 45"); Doc. 3-43 at pgs. 5 through 7 of 49 (Rice's expert report, relying on spreadsheet for purposes commission-calculations); Doc. 3-44 at pgs. 18 through 32 of 49 (spreadsheet, as attachment to Rice's expert report); *and* Doc. 3-25 at pgs. 19 through 20 of 25 (transcript of hearing dated Sept. 25, 2014) (confirming lack of objection to admission of exhibits, including spreadsheet).